The order below is hereby signed.

Signed: January 31, 2010.



*S. Martin Teel, Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MALIK KARIM LOMAX, | ) | Case No. 10-00057 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
REQUEST FOR EXIGENT CIRCUMSTANCES WAIVER
<u>AND TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED</u>

On Exhibit D to the voluntary petition, the debtor has requested a temporary waiver of the credit counseling requirement of 11 U.S.C. § 109(h) based upon exigent circumstances. In the space provided, the debtor explains that

> [T]he agency will not be able to do my credit counseling today but I need to file bankruptcy immediately as I was contacted by my automobile financing company and was told that they were going to either report my car stolen or repossess my vehicle. So, I am filing the petition but should have the credit counseling done within 5 days.

For reasons explained in more detail below, the court will deny the debtor's request for waiver.

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing

that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

Although the imminent repossession of the debtor's vehicle may constitute an exigent circumstance within the meaning of 11 U.S.C. § 109(h)(3)(A)(i), the debtor has failed adequately to certify that he requested credit counseling services from an approved non-profit budget and credit counseling agency prepetition, but was unable to obtain the necessary services within seven days of the request.  The debtor indicates that "the

agency" could not provide the requisite credit counseling "today," and that the debtor "should have the counseling done within 5 days." Even if the court assumes that the agency referred to by the debtor was an approved non-profit budget and credit counseling agency within the meaning of § 109(h), the debtor's certification reflects the debtor's belief that he would complete the requisite counseling within 5 days of having made the request. It follows that the debtor has failed to certify that he was unable to obtain the requisite credit counseling within 7 days of making the prepetition request, as required to qualify for an exigent circumstances waiver. It is thus

ORDERED that the debtor's request for a temporary waiver of the credit counseling requirement of 11 U.S.C. § 109(h) is DENIED. It is further

ORDERED that within 7 days after entry of this order, the debtor shall show cause, by a writing filed with the court, why this case ought not be dismissed based upon the debtor's ineligibility to be a debtor pursuant to § 109(h).

[Signed and dated above.]


Copies to:
Debtor; Chapter 7 Trustee; Office of United States Trustee.

D:\TERI\Laura\ORDERS\109(h)\Order_deny_exigent circumstances waiver_no demonstration that counseling not available during 7 days prepetition_tomas.wpd

3